1

2

3

4

5

6

7

JUDGE RICHARD A. JONES

8

9

10

11

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

12

13

14

15

| | |
|---|---|
| **IN RE: FORTIVE DATA SECURITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>    All Actions | CASE NO. 2:24-CV-01668-RAJ<br><br>NOTE ON MOTION CALENDAR:<br>August 15, 2025 |

16

17

18

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

19

20

21

22

23

24

25

26

Plaintiffs, Michael and Sherry Dudley, Matthew Spaeth, Jennifer Nelson, Seth Toepfer and Marilyn Cazares f/k/a Marilyn Mews, (collectively "Plaintiffs"), individually and on behalf of the Settlement Class, by and through their undersigned attorneys, respectfully move the Court under Federal Rule of Civil Procedure 23(e) to enter the tendered, agreed Preliminary Approval Order, Authorize Class Notice and Schedule a Final Approval Hearing. Defendants Fortive Corporation, Accruent LLC, Advanced Sterilization Products Services Inc., Advanced Sterilization Products, Inc., Censis Technologies Inc., and Industrial Scientific Corporation d/b/a Industrial Scientific Devices ("Defendants" and together with "Plaintiffs," the "Parties") do not

27

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

1   oppose entry of the Preliminary Approval Order.

2       The Parties request that the Court schedule a final approval hearing for approximately 120

3   days after entry of the Preliminary Approval Order.

4       WHEREFORE, Plaintiffs respectfully move the Court to enter the tendered Preliminary

5   Approval Order and schedule a final approval hearing for approximately 120 days thereafter.

6                                   **Preliminary Statement**

7       Plaintiffs request an order (1) granting preliminary approval of the Settlement; (2)

8   certifying the Class for the purpose of the Settlement pursuant to Fed. R. Civ. P. 23(a) and

9   23(b)(3); (3) ordering the Settlement Administrator to direct and issue notice to the Class under

10  the terms of the Settlement Agreement; (4) appointing Michael Dudley and Sherry Dudley,

11  Matthew Spaeth, Jennifer Nelson, Seth Toepfer and Marilyn Cazares f/k/a Marilyn Mews as

12  Class Representatives for Settlement purposes; (5) appointing Lynn A. Toops of Cohen & Malad,

13  LLP; J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC; Samuel J. Strauss of Strauss

14  Borrelli PLLC; and Marc H. Edelson of Edelson Lechtzin LLP, as Plaintiffs' Counsel for the

15  Settlement; (6) designating Kroll Settlement Administration LLC as Settlement Administrator;

16  (6) approving and ordering the implementation of a proposed Notice Plan; (7) establishing a

17  procedure for objections to the Settlement Agreement; (8) establishing a procedure for opt-outs

18  from the Settlement Agreement; (9) setting a bar date for the submission of claims; and (10)

19  scheduling a briefing schedule and date for a fairness hearing to consider final approval of

20  Settlement Agreement.

21      The Parties agreed to settle this Action on a class-wide basis as set forth in the Settlement

22  Agreement. This will create a $3,000,000.00 all cash non-reversionary fund that Defendants have

23  agreed to pay under the terms of the Settlement to benefit the Settlement Class. If approved, the

24  proposed Settlement will resolve and release all claims asserted in this Action. Plaintiffs submit

25  that the recovery here is commensurate with the result that could have been obtained at trial,

26  which is an excellent result given the inherent risks and expenses of continued litigation.

27  Additionally, it provides substantial relief comparable to or better than other settlements

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 2

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

approved in similar data breach cases. Plaintiffs believe the proposed Settlement is not only in the best interests of the Settlement Class and should be approved by the Court but is also an excellent result, especially considering the uncertainties, risks, and delay that continued litigation would bring, which might then result in a smaller recovery or no recovery.

As outlined below, Plaintiffs respectfully request that the Court review and approve the terms of the proposed Settlement as fair, reasonable and adequate, and certify the Settlement Class under Fed. R. Civ. P. 23 for Plaintiffs' and the Settlement Class's claims arising as a result of a data incident involving Defendants' network that occurred between January 25, 2023, and November 6, 2023 (the "Data Incident"). The executed Settlement Agreement is attached to the Motion for Preliminary Approval as Exhibit 1. Plaintiffs also submit proposed Notices of the Settlement and Claim Form to be mailed or delivered to each potential Settlement Class Member, informing them of the terms of the Settlement Agreement, advising them of their rights under the proposed Settlement, and allowing them to be heard in the proceedings for the Final Settlement Approval. *See* Mot. for Preliminary Approval, Exhibit 1-A (Summary Notice), 1-B (Detailed Notice) and 1-C (Claim Form).

## Factual Background

Plaintiffs filed this lawsuit after cybercriminals hacked into and exfiltrated data stored on Fortive's network that included the highly sensitive data of more than 34,000 individuals. [1] *See* Plaintiffs' Consolidated Class Action Complaint ("CCAC") ¶¶ 7-10, 76, 77, Dkt. No. 25, filed December 31, 2024. Plaintiffs are Defendants' current and former employees and other individuals. ¶¶ 22-36. Defendants are a global industrial technology conglomerate providing information and technological services for customers. ¶¶ 2, 79-88.

In conjunction with the services it provides, Defendants collect certain personally identifiable information ("PII"), from its customers and employees, including Plaintiffs and the Settlement Class, and stores the PII on its network. ¶¶ 3-7, 56-61. During 2023, multiple

---

[1] Plaintiffs' CCAC originally alleged a class size of approximately 31,000 individuals but Plaintiffs learned from Defendants in mediation that the class size is 34,166 individuals.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 3

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

cybercriminal groups targeted Defendants network and demanded a ransom to prevent the PII from being published on the dark web. In this case, Plaintiffs believe their personal data has already been published on the dark web. ¶ 85. On or about October 3, 2024, Defendants began notifying Settlement Class Members. ¶¶ 11, 12. Plaintiffs' and Settlement Class Members' PII exfiltrated during the Data Incident includes names, social security number, date of birth, mailing address, telephone number and financial information. ¶¶ 3, 57, 127-82. Defendants admit that the unauthorized actors accessed certain personal information. *Id.* Plaintiffs each received the letter notifying them of the breach directly from Defendants dated October 3, 2024. ¶¶ 22-36.

Prior to filing this action, Plaintiffs vigorously gathered all available information regarding the Data Security Incident, including publicly available documents concerning announcements and notice of the Incident and non-public information concerning the size and makeup of the putative class and the circumstances that led to the Data Incident. Thereafter, Plaintiffs brought this putative class action, alleging, in substance, that Defendants violated its obligations to Plaintiffs and the proposed Settlement Class by inadequately protecting their data. ¶¶ 10, 18, 78. Plaintiffs allege that Defendants failed to use reasonable security procedures and practices appropriate to the nature of the sensitive information it maintained for Plaintiffs and Class Members, causing the Data Incident. ¶¶ 7, 9, 10, 18, 75-91, 125. In the years immediately preceding the Data Incident, Defendants knew or should have known that Defendants' computer systems were a target for cybersecurity attacks because warnings were readily available and accessible via the internet. ¶¶ 6, 62, 75-91. Prior to receiving notification, Plaintiffs and Class Members had no idea their PII had been compromised, and that they were, and continue to be, at significant risk of identity theft and various other forms of personal, social, and financial harm, including the sharing and detrimental use of their sensitive information. The risk will remain for their respective lifetimes. *Id.* ¶ 91.

While Defendants generally deny the allegations, Defendants entered into the Settlement Agreement solely to compromise and settle the litigation and to avoid the expense of continued litigation. *See* Settlement Agreement, ¶ 8. The parties subsequently reached a class-wide

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 4

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

settlement and, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs files this motion for preliminary approval of that settlement.

### Procedural History

Plaintiffs filed the initial Class Action Complaint on October 11, 2024. (*Michael and Sherry Dudley v. Fortive Corp.*, 2:24-cv-01668-RAJ (W.D. Wa.). *See* ECF. No. 1. Shortly thereafter, Plaintiffs filed several additional actions, *Toepfer v. Fortive Corp*., No. 2:24-cv-1694 (W.D. Wa.) and *Cazares v. Fortive Corp.*, No. 2:24-cv-1741 (W.D. Wa.), *Nelson v. Industrial Scientific Corp. d/b/a Industrial Scientific Devices,* No. 2:24-cv-01431-MJH (W.D. Pa.), *Spaeth v. Censis Technologies, Inc.,* No. 3:24-cv-1205 (M.D. Ten.), each of which was consolidated by this Court's Order dated December 4, 2024, Dkt. No. 24 (Consolidating Related Cases and Appointing Interim Class Counsel). Subsequently, on December 31, 2024, Plaintiffs filed the current Consolidated Complaint. Dkt. No. 25. On February 14, 2025, all Defendants filed a Motion to Dismiss Consolidated Class Action Complaint, Dkt. No. 28. Plaintiffs responded to the Motion on March 31, 2025, Dkt. No. 31. The Motion is now fully briefed and remains pending. On June 10, 2025, the Parties filed a Joint Notice of Settlement, Dkt. No. 35.

The Parties also engaged in several meet and confer sessions, and Defendants provided informal discovery responses to permit Plaintiffs' counsel to facilitate informed settlement negotiations and evaluate settlement proposals. See Joint Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Joint Decl.") ¶ 5. Defendants' responses enabled Plaintiffs to discern the Class size and Defendants' potential liability exposure. *Id.* at ¶ 6. Plaintiffs also conducted research concerning other similar data breach settlements to compare with the settlement proposals to determine whether the instant Settlement compares favorably with other cases. *Id.* This information was sufficient to facilitate informed settlement discussions among the Parties. *Id.*

On April 25, 2025, the Parties participated in a mediation facilitated by well-respected mediator, Bruce A. Friedman, Esq., of JAMS. *Id.* at ¶ 7. The Parties did not settle at that time, however, the mediator continued to facilitate discussions between the Parties. *Id.* Ultimately, the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 5

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

mediator made a mediator's proposal that was accepted by all parties during May 2025. *Id.* As a result, the Parties have agreed to resolve Plaintiffs' claims for a gross Settlement Payment of $3,000,000.00. *Id.*

### Settlement Negotiations

Plaintiffs considered several factors in this settlement. Initially, the settlement provides substantial relief comparable to or better than other settlements approved in similar data breach cases. Plaintiffs' Counsel have substantial experience in data breach cases and conclude that the terms and conditions of this Settlement are fair, reasonable and adequate to Settlement Class Members. *Id.* ¶ 9. Further litigation would be protracted and expensive, considering the uncertainty and risks inherent in litigation, including obtaining and maintaining class certification, retaining experts, conducting multiple depositions of Plaintiffs' and Defendants' witness, defending multiple motions, and preparing the case for trial. Further, the costs associated with protracted litigation would reduce the potential benefits to Class Members. Counsel for both Parties have determined that it is desirable to effectuate a full and final settlement of the claims asserted in the litigation to avoid the associated burdens, risks, uncertainty, and extensive costs.

While Plaintiffs' Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Plaintiffs' Counsel fully investigated the facts and law relevant to the merits of the claims, and conducted an independent investigation of the alleged claims. Plaintiffs' Counsel concludes that the proposed Settlement set forth in the Agreement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Joint Decl. ¶¶ 9-12.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 6

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**Proposed Settlement Terms**

The proposed Settlement Agreement provides that Defendants will make a total Settlement Payment of $3,000,000.00. This amount shall include all Individual Settlement Payments, Service Awards, Settlement Administrator Costs, Class Counsel Attorneys' Fees and Costs. The Settlement amount is a fair, reasonable and adequate resolution of this claim, given the anticipated costs and delays as outlined above. It is well within the range of potential outcomes for the Plaintiffs and the Settlement Class Members, given the potential issues with litigating the case through trial.

### A. Proposed Settlement Class

The Settlement Class is defined as "All individuals whose personal information may have been compromised as a result of the Data Incident, as identified on the Class List." *See* Settlement Agreement, Key Terms. Excluded from the Settlement Class are "the Judge assigned to evaluate the fairness of this Agreement, and any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge." *Id.* ¶ 6.1. Also, Settlement Class Members who submit a request to opt-out prior to the Opt-Out Deadline will be excluded. *Id.* ¶6.4

### B. Releases

In exchange for receiving payments from the Settlement, the Settlement Class Members will agree to release Defendants from "all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief, past and future, arising out of or in any way related to the Data Incident, including the claims asserted or which could have been asserted in the Litigation." *See* Settlement Agreement at ¶ 5.

### C. Compensation to Class Members

1. The Settlement provides significant relief to participating Class Members. The Settlement Agreement establishes four potential benefits for Settlement Class members. It provides cash compensation for documented, unreimbursed Out-of-Pocket Losses for Settlement

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 7

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Class members who experienced financial loss, up to $5,000. *See* Settlement Agreement, Key Terms Page, ¶ 3.2.2. Next, Settlement Class members may elect to receive Lost Time compensation for their time and effort undertaken to secure their credit, up to 4 hours. *Id.* at Key Terms Page, ¶ 3.2.3. Settlement Class members are also entitled to three years of no-cost credit protection coverage. *Id.* at Key Terms Page, ¶¶ 3.2.1. Last, all Settlement Class members will receive a Cash Payment on a *pro rata* basis in addition to any claim submitted for Out-of-Pocket Losses, Lost Time or Identity Theft Protection Services. *Id.* at Key Terms Page, ¶ 3.2.4. Further, should the total claims not exhaust the settlement fund, the remaining funds would be distributed to a *cy pres* recipient. *Id.* at Key Terms Page, ¶ 3.2.5.

### D. **Notice**

If the Court grants the instant Motion, Defendants will provide the Settlement Administrator with a Class List with the best available contact information for the Settlement Class Members. *Id.* at Key Terms Page, ¶ 6.2. The Settlement Administrator will send the Summary to all Settlement Class Members within 30 days following entry of the Preliminary Approval Order via regular mail. *Id.* at Key Terms Page, ¶ 6.3. The Settlement Class Members will have 60 days to return a Claim Form. *Id.* at Schedule of Dates and Deadlines. The Settlement Administrator will create a website with the Notice of Settlement and other documents and information related to the litigation. *Id*. ¶ 6.3. The Settlement Administrator will also establish a toll-free phone number and e-mail address with information about the Settlement. *Id.*

### E. **Settlement Award Eligibility**

The Settlement Administrator will determine eligibility and the amount of Settlement Awards to be paid to the Settlement Class Members. ¶ 4.1.

### F. **Objections and Requests for Exclusions**

Settlement Class Members who wish to object to the Settlement must submit an objection in writing prior to the Claim Deadline, signed by the objector, indicating the grounds for objecting, and whether they intend to attend and be heard at the Final Approval Hearing. Key Terms Page, ¶ 6.5. To be heard at the Final Approval Hearing, the objector must file notice with

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 8

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

the Court and serve notice on both Plaintiffs and Defense counsel. *Id*. To be excluded from the Settlement, a Settlement Class Member must submit a signed, written statement indicating that they do not wish to participate in the Settlement prior to the Claim Deadline. *Id*.

### G. Final Approval Hearing

Sixty days after the Deadline to Send Notice , Plaintiffs will request that the Court schedule a Final Approval Hearing seeking that the Court enter an order finding that the Notice met due process requirements and that the Settlement was fair, reasonable and adequate, and directing that the Settlement Funds be distributed, the Action be dismissed with prejudice, and retaining jurisdiction to oversee settlement administration. *Id*. at Schedule of Dates and Deadlines, ¶ 6.6.

### H. Distribution of Settlement Funds

i.      ***Settlement Funds and Non-Reversion***

Defendants will wire the Settlement Payment to an escrow account within thirty days after the Date of Preliminary Approval. *Id*. at Key Terms Page, ¶ 3.1. The Settlement Fund shall be used to pay (1) all Cash Payments to Settlement Class Members who submit Valid Claims and the cost of Credit Monitoring for Settlement Class Members, *see* Part C, *supra*; (2) any Service Award awarded to Plaintiffs, *see* Settlement Agreement, Key Terms Page, Part ii, *infra*; (3) any attorneys' fees and costs awarded to Plaintiffs' Counsel, *see* Settlement Agreement, Key Terms Page, ¶ 7 Part iii, *infra*; and (4) all Notice and Administrative Costs, *see* Settlement Agreement, Key Terms Page, ¶ 3.2, Part E, *infra*. There will be no reversion of any portion of the Settlement Payment to the Defendants after the Effective Date. *See* Settlement Agreement, Key Terms Page.

ii.      ***Service Awards***

Subject to the Court's approval, Plaintiffs Michael Dudley and Sherry Dudley, Matthew Spaeth, Jennifer Nelson, Seth Toepfer and Marilyn Cazares f/k/a Marilyn Mews will each receive three thousand five hundred dollars ($3,500) as a service award for their efforts in prosecuting the case. *See id*. Key Terms Page, ¶ 7. Plaintiffs worked diligently with Class Counsel to help

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 9

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

prosecute the matter. *See* Joint Decl. *at* ¶ 3. This involved multiple extended phone calls with Class Counsel prior to filing the Complaint wherein they described their interactions with Defendants prior to the Data Incident, the inclusion of their PII among Defendants' account information and the subsequent steps they took to determine what PII was exfiltrated and protect themselves from identity theft. *Id.* at ¶ 3.

### iii.    *Attorneys' Fees and Costs*

Subject to the Court's Final Approval Order, Class Counsel will receive an award of attorneys' fees in an amount of one-third (1/3) of the Settlement Payment ($1,000,000), which will compensate Class Counsel for all work performed in the Action. Also subject to the Court's Final Approval Order, Class Counsel will be reimbursed for their out-of-pocket expenses from the Settlement Payment. Settlement Agreement, Key Terms Page, ¶ 7. The one-third fee is significantly less than Class Counsel's lodestar. Pursuant to Fed. R. Civ. P. 23 (h) and 54 (d), Class Counsel will file a motion for approval of attorneys' fees and reimbursement of expenses forty five days after the Deadline to Send Notice if preliminary approval is granted.

### iv.    *Settlement Awards*

Settlement Class Members will receive payment out of the Net Settlement Fund within 45 days after the Deadline to Cure Claims (the Deadline to Pay Valid Claims).[2] Settlement Agreement, Key Terms Page, ¶¶ 4.3, 4.4. Any unclaimed Settlement Funds, subject to Court approval, will be donated to *cy pres* recipients, the Electronic Privacy Information Center (EPIC) (50%) and Boys and Girls Club of Snohomish (50%).[3] *Id.* at Key Terms Page, ¶ 3.2.5.

### v.    *Settlement Administrator*

Plaintiffs will engage Kroll Settlement Administration LLC as the Settlement Administrator.[4] The Settlement Administrator shall perform all the duties, tasks, and responsibilities associated with providing notice and administering the Settlement. *Id.* at Key

---

[2] Class Members who submit a claim that is deficient or requires additional documentation or information, will receive a deficiency letter and will have 21 days after mailing of the deficiency letter to cure. *See* ¶ 4.3.
[3] *See* https://epic.org/; https://bgcsc.org/ (last accessed on August 15, 2025).
[4] *See* https://www.kroll.com/en (last accessed August 15, 2025).

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 10

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Terms Page, ¶¶ 4, 6, 7. The Settlement Administrator will provide Class Counsel and Defense Counsel periodic reports regarding requests for exclusions or objections. *Id*.

### Class Certification under Fed. R. Civ. P. 23

#### A.    Legal Standards

Rule 23 of the Federal Rules of Civil Procedure governs traditional class actions. The Supreme Court has noted that the drafters of Rule 23 intended class actions to vindicate the rights of a group of injured persons who otherwise would be without sufficient strength or inclination to bring suit on an individual basis. *See Amchem Prods. Inc. v. Windsor*, 512 U.S. 591 (1997). The Rule requires that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." *Williams v. PillPack LLC*, No. 19-cv-05282, 2024 WL 4574563, at *2 (W.D. Wash. Sept. 17, 2024).

To obtain class certification under Rule 23, Plaintiffs must demonstrate the four threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. *Amchem*, 521 U.S. 619–20. "When settlement is proposed before a class is certified, the court must find the class would have been certified under Federal Rule of Civil Procedure 23(a) and (b). When deciding whether to certify a class, courts look at four factors: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Jenkins v. Steelscape Washington LLC*, No. 24-cv-05127, 2025 WL 1360318, at *2 (W.D. Wash. May 9, 2025) (citing Fed. R. Civ. P. 23(a)(1)–(4)). Rule 23(b) requires the court to consider whether the type of action is one that may be maintained as a class. Fed. R. Civ. P. 23(b). *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

A court may certify a class only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[W]here the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met." *Does 1-10 v. Univ. of Wash.*, 326 F.R.D. 669, 679 (W.D. Wash. 2018) (citing cases). In this case, the proposed Settlement Class has more than

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 11

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

34,000 members, which satisfies this requirement.

Rule 23(a) also requires there be "questions of law or fact common to the class." Commonality requires that class members' claims "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). There are multiple common questions of fact relating to the Data Incident, including whether Defendants had a duty to protect Plaintiffs' and Class members' PII, whether Defendants was negligent in collecting and storing Plaintiffs' and Class members' PII, and breached its duties thereby and whether Defendants breached its fiduciary duty to Plaintiffs and the Class. *See* CCAC ¶ 201. These common questions apply equally to every Settlement Class Member and satisfy the commonality requirement.

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). *Landin v. Hi-Sch. Pharmacy Servs., LLC*, No. :24-cv-05115, 2025 WL 774754, at *3 (W.D. Wash. Mar. 11, 2025) (finding plaintiff's claims are "typical of class members' claims because they arise from the same course of alleged conduct: [defendant's] inadequate data security which compromised her PII."). As above, each Class Member received the same notice letter informing them that their PII was included in the Data Incident. Plaintiffs and Class Members are Defendants' current and former employees and other individuals. The same event affected both the named Plaintiffs and the Class in the same manner and, accordingly, Plaintiffs' claims are "typical."

To satisfy the adequacy requirement, Plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." *Guy*, 2023 WL 8778166, at *3. Further, "the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Id.* Here, there are no antagonistic or conflicting interests between Plaintiffs and their counsel and the absent class members; and Plaintiffs and their counsel have vigorously prosecuted the action on behalf of the class and will

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 12

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

continue to do so. *See Hanson v. MGM Resorts Int'l*, No. 16-cv-1661, 2018 WL 3630284, at *2 (W.D. Wash. July 31, 2018) (Jones, J.) (finding "[p]laintiff shares the same interest in securing relief for the claims at issue in this case, and there is no allegation or evidence of any conflict of interest. Plaintiff has also demonstrated his willingness to diligently prosecute this case and has actively participated in this litigation, assisting his counsel with requests for information and engaging with counsel regarding potential settlement.").

Once this threshold showing is made, the claims must fit into one or more of the categories of permissible class actions described in Rule 23(b). Under Rule 23(b)(3), Plaintiffs must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that "a class litigation is superior to other available methods for fairly and efficiently adjudicating the controversy." *Landin v. Hi-Sch. Pharmacy Servs., LLC*, No. 24-cv-5115, 2025 WL 774754, at *3 (W.D. Wash. Mar. 11, 2025) (citing Rule 23(b)(3)). The predominate questions involved include whether Defendants used reasonable data security measures to protect consumers' PII. That question can be resolved, for purposes of settlement, using the same evidence for all Settlement Class Members, and thus, is precisely the type of predominant question that makes a class-wide settlement worthwhile. There are no individual issues that would predominate over the issues common to the Named Plaintiffs and the Settlement Class Members.

A class action is superior to other methods of adjudicating this matter under Fed. R. Civ. P. 23(b)(3). First, having all the Settlement Class Members' claims adjudicated in one lawsuit is far more efficient for the Court and the parties than requiring Settlement Class Members to initiate individual lawsuits. Second, there are no other existing lawsuits by any Settlement Class Members concerning issues like this litigation. Third, the Western District of Washington is the most appropriate forum for this matter since Defendants maintain its principal place of business in this District. Finally, there should be no difficulties in managing the proposed case as a class action since certification is being sought in the context of a settlement. Thus, the superiority requirement is met because the class action device achieved significant efficiencies compared to

individual actions.

**B.** <u>**Certification of the Settlement Class Under Fed. R. Civ. P. 23 is Appropriate**</u>

Plaintiffs requests the Court certify the following class under Rule 23:

"All individuals whose personal information may have been compromised as a result of the Data Incident, as identified on the Class List." *See* Settlement Agreement, Key Terms Page.

The Named Plaintiffs have alleged, and the evidence adduced during discovery and during the mediation process shows that the proposed Settlement Class satisfies the requirements of class certification. As above, Plaintiffs have addressed each Rule 23 element demonstrating that the class may properly be certified. "At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *Landin*, 2025 WL 774754, at *3. The Court may grant preliminary approval of a proposed class action settlement if "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Jenkins*, 2025 WL 1360318, at *2.

Once the class is "certified for purposes of settlement," the case may be settled so long as the settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Rule 23(e)(2) requires the court to consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 14

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Plaintiffs submit that the settlement here is procedurally and substantively fair, reasonable and adequate, and is not a product of collusion.

### Preliminary Approval of the Settlement is Appropriate

Under Rule 23(e)(2), the Court must determine whether the proposed settlement taken as a whole is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2); *Guy,* 2024 WL 689526, at *2 (citations omitted). To assess whether a proposed settlement comports with Rule 23(e)(2), the Court considers: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (quotation and citation omitted). *See also Hanson*, 2018 WL 3630284, at *4.

"Because the Court can only conduct a full assessment of these factors after the final fairness hearing, a full fairness analysis is unnecessary at the preliminary approval stage." *Jenkins*, 2025 WL 1360318, at *2 (internal quotation and citation omitted). "[P]reliminary approval is appropriate if the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Id.*

Also, Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3). "[A]pproval is contingent not only on a thorough assessment of these eight factors, but also a finding that the settlement "is not[ ] the product of collusion among the negotiating parties." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011) (quotation and

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 15

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

citation omitted). There are no such agreements here.

### 1.    The Strength of Plaintiffs' Case

The Named Plaintiffs are confident they could establish liability on their claims. However, data breach cases are among the riskiest and most uncertain of all class action litigations, making settlement the more prudent course where, as here, a reasonable one can be reached. The court's opinion in *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 890 (7th Cir.1985) (cited with approval in *Pickett v. Holland Am. Line-Westours, Inc.*, 35 P.3d 351, 358 (Wash. 2001) (en banc)), noting that there was "great uncertainty about the proper resolution of a number of legal issues involved, any one of which, if resolved in favor of [defendants], would result in no recovery" succinctly describes the hurdles Plaintiffs face in continuing to litigate this matter. *See also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (noting that surpassing "summary judgment did not mean that the class had established liability or would obtain a favorable, unanimous jury verdict."). Further, "one factor that may bear on review of a settlement is the advantages of the proposed settlement versus the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members." *Id.* at 965–66 (internal citations and quotations omitted).

### 2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Even though Plaintiffs believe that their claims are strong, all cases, including this one, are subject to substantial risk. This case involves a proposed class of approximately 34,000 individuals, a complicated and technical factual overlay, and Defendants with the resources to litigate through trial if necessary. While class actions involve a high level of risk, expense, and complexity, here is also a strong presumption in favor of voluntary settlement agreements that promotes the amicable resolution of disputes, conserves judicial resources, and benefits the parties by avoiding the costs and risks of a lengthy and complex trial. "This presumption is especially strong in class actions." *Sweet v. Cardona*, 121 F.4th 32, 44 (9th Cir. 2024) ("the interest in encouraging settlements is particularly strong in class actions, which are often complex, drawn out proceedings demanding a large share of finite judicial resources.") (internal

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 16

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

citations and quotations omitted*); In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (further litigation would be time-consuming, complex, and expensive for both sides).

Courts in the Ninth Circuit regularly approve class action settlements involving data breach claims. *See e.g., Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2024 WL 689526, at *1 (W.D. Wash. Feb. 20, 2024) (a data breach case finding that plaintiffs satisfied all of the requirements for approval of the proposed settlement class and certifying the settlement class.); *Unsworth V. Lewis & Clark College*, No. 24-cv-00614, 2025 WL 1556298, at *2 (D. Or. June 2, 2025) (granting preliminary approval to the proposed class action settlement of data breach litigation); *In re 23andMe, Inc. Customer Data Sec. Breach Litig.*, No. 24-md-03098, 2024 WL 4982986, at *27 (N.D. Cal. Dec. 4, 2024) (granting motion for preliminary approval of class action settlement); *In re PostMeds, Inc. Data Breach Litig.*, No. 23-cv-05710, 2024 WL 4894293, at *7 (N.D. Cal. Nov. 26, 2024) (same); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-md-2633-SI, 2019 WL 3410382, at *29 (D. Or. July 29, 2019).

Here, continuing the litigation through depositions, motions to compel, motions for class certification, motions for summary judgment, and potential trial would significantly increase expenses to both parties and substantially extend the duration of the case.

3.    The Risks of Maintaining The Class Action Through The Trial.

The Court has not yet certified a class. If the case were to proceed through trial, Plaintiffs would encounter risks in obtaining and maintaining certification of the class. Defendants would undoubtedly oppose class certification if the case were to proceed. Thus, Plaintiffs necessarily risks losing class action status. "[A]n assessment of the legal obstacles faced by [p]laintiffs in this case as to the question of class certification, bears directly on the level of risk plaintiffs faced in receiving no recovery at all." *Pickett*, 35 P.3d at 358. *See also Rodriguez*, 563 F.3d at 966 (noting that class action cases are "complex and likely to be expensive and lengthy to try" and motion practice and "[i]nevitable appeals would likely prolong the litigation, and any recovery by class members, for years."). "An early settlement may often be beneficial for the class, as it

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 17

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

reduces attorneys' fees, preserves value for the class, and offers immediate compensation for injured class members. *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 678 (9th Cir. 2025).

4.    The Amount Offered in Settlement.

Here, the Parties agreed to a substantial settlement of $3,000,000.00, which provides multiple cash payments and non-monetary benefits to Class Members. *See* Section C, *supra*. The settlement was reached during mediation, demonstrating that the agreement was the result of an arm's length negotiation. See e.g., *Williams*, 2024 WL 4574563, at *5 (finding that the "involvement of a neutral mediator in settlement negotiations reduces the risk of collusion."). During the negotiations the Parties each have considered the strengths and weaknesses of their position and that of the opposing party. Moreover, the relief is adequate in that the settlement amount is commensurate with other data breach settlements and within Plaintiffs' projected damages. The settlement places all Settlement Class Members on an equal footing *vis- à-vis* their settlement award and *pro rata* shares. Plaintiffs' counsel will request a one-third fee and there are no other agreements concerning the settlement. This settlement is similar to that of many other data breaches. *See, e.g., In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th at 677 ("settlement offers real benefits to class members: credit monitoring services for two years, up to $1,000 for ordinary expenses and lost time, and up to $5,000 for monetary loss from identity theft.").

The Settlement amount is well within the range of reasonableness. Plaintiffs believe the Settlement is commensurate with that of other data breach litigations and well within the damages that could have been awarded on the claims at trial. Further, the risks of litigation are substantial. Defendants could prevail on any one of its defenses regarding class certification, liability, or damages. In that case, Plaintiffs and the Settlement Class would receive nothing. Given these risks, the Settlement is within the range of reasonableness. The Court should conclude that the settlement amount here is reasonable in light of the best possible recovery and the attendant risks of litigation—little or no recovery at all.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 18

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

5. <u>The Amount of Discovery Completed and the Stage of The Proceedings</u>.

This litigation was concluded at an early stage. Prior to the negotiating a settlement, Defendants provided Plaintiffs with responses to informal discovery requests. Additionally, Plaintiffs' Counsel independently researched the breach, and reviewed settlements in similar cases, to formulate an appropriate settlement demand. These materials were sufficient for the parties to conduct informed negotiations. *Landin*, 2025 WL 774754, at *4 (the parties conducted informal discovery of non-public information on the Data Incident and attended mediation with an experienced mediator, resulting in a settlement in principle.). This factor weighs in favor of approval.

6. <u>The Experience And Views Of Counsel</u>.

Class Counsel have extensive experience litigating class actions. Counsel believes that the settlement is fair, reasonable, and adequate, and in the best interests of the class. This settlement was reached after multiple communications and is a result of careful consideration and analysis. *See, e.g.*, *Hanson*, 2018 WL 3630284, at *5.

7. <u>The Presence of a Governmental Participant</u>.

This factor is not implicated.

8. <u>The Reaction of the Settlement Classes to the Settlement.</u>

Because notice has not yet been given, this factor is not yet implicated.

Plaintiffs submit that the Settlement here satisfies both the Rule 23 (e) and the Ninth Circuit's *Bluetooth* factors for the settlement of a Rule 23 class action.

Because each of the prerequisites for class certification under Fed. R. Civ. P. 23 are met, the Named Plaintiffs respectfully request that the Court certify the Settlement Class.

**<u>The Court Should Appoint Michael and Sherry Dudley, Matthew Spaeth, Jennifer Nelson, Seth Toepfer and Marilyn Cazares f/k/a Marilyn Mews as Class Representatives</u>**

"To appoint Lead Plaintiffs as Class Representatives, a court must find that they will "fairly and adequately protect the interests of the class." *Jenkins*, 2025 WL 1360318, at *3. Here, each class members' claims "arise from the same course of alleged conduct by [defendant]." *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 19

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

As above, Plaintiffs have actively participated in this litigation since inception. Their claims are both adequate and typical of the claims which would be made by other Settlement Class Members. Accordingly, Plaintiffs requests the Court to appoint them as Class Representatives.

### Appointment of Counsel for the Settlement Classes

The Court should appoint Lynn A. Toops of Cohen & Malad, LLP; J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC; Samuel J. Strauss of Strauss Borrelli PLLC; and Marc H. Edelson of Edelson Lechtzin LLP, as Plaintiffs' Counsel for the Settlement Class. Rule 23 required "a court that certifies a class must appoint class counsel [who must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1). Courts generally consider the following attributes: the proposed class counsel's (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Rule 23(g)(1)(A); *In re Valve Antitrust Litig.*, No. 21-cv-563, 2025 WL 1285748, at *1 (W.D. Wash. May 2, 2025) (same).

Here, proposed Class Counsel have extensive experience prosecuting class actions and other complex cases, including data breach cases. *See* Joint Decl. ¶¶ 9-23. As discussed above, proposed Class Counsel have worked extensively on identifying and investigating the claims here, know the law regarding class actions and data breach class actions, specifically, and have shown that they possess the resources available to represent the Class. Accordingly, the Court should appoint Lynn A. Toops of Cohen & Malad, LLP; J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC; Samuel J. Strauss of Strauss Borrelli PLLC; and Marc H. Edelson of Edelson Lechtzin LLP, as Class Counsel.

### Appointment of the Settlement Administrator

In connection with implementation of the Notice Program and administration of the settlement benefits, Plaintiffs request that the Court appoint Kroll Settlement Administration LLC to serve as the Settlement Administrator. Kroll Settlement Administration LLC has a trusted

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 20

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

and proven track record of supporting thousands of class action administrations and distributing billions of settlement funds. Notice and administration will be deducted from the overall settlement fund. *Id. See also* Settlement Agreement, Key Terms Page; ¶ 3.2.

<u>**The Court Should Approve the Proposed Notice Program**</u>

Rule 23 requires that prior to final approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id.* Class settlement notices must present information about a proposed settlement simply, neutrally, and understandably, and must describe the terms of the class action settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.

Here, the Parties have agreed to a robust notice program to be administered by a well-respected third-party class administrator, Kroll Settlement Administration LLC, which will use all reasonable efforts to provide direct and individual notice to each potential Member of the Settlement Classes via U.S. mailed notice, along with a reminder notice. The Notice and Claim Forms negotiated by the Parties are clear and concise and inform Settlement Class Members of their rights and options under the settlement, including detailed instructions on how to make a claim, object to the settlement, or opt out of the settlement. *See* Settlement Agreement, Ex. 1-A-C.

In addition to the direct notice, the Administrator will also establish a dedicated Settlement Website and will maintain and update the website throughout the Claims Period, with the Notice and Claim Form approved by the Court, as well as the Settlement Agreement and other key documents. The Settlement Administrator will also establish a toll-free helpline and P.O. box available to respond to Settlement Class Members' questions concerning the settlement.

The Parties have thus negotiated a notice program that is reasonably calculated under the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 21

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

circumstances to apprise Members of the Settlement Classes of the pendency of the action and afford them an opportunity to present their objections. Because this notice plan ensures that Settlement Class Members' due process rights are amply protected, this Court should approve it.

Plaintiffs submit that the Court should find that the notices of the class action settlement submitted by the parties are adequate.

<u>**Conclusion**</u>

Plaintiffs respectfully request that the Court certify the Settlement Class under Fed. R. Civ. P. 23, preliminarily approve the Settlement Agreement, order that Notice of the Settlement and Claim Forms be sent to the Settlement Class Members and set a hearing date for Final Settlement Approval.

I certify that this motion contains 7,165 words, in compliance with the Local Civil Rules.

Dated: August 15, 2025                    Respectfully submitted,

By: */s/ Samuel J. Strauss*
Samuel J. Strauss (SBN: 46971)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV*
**STRANCH, JENNINGS &
GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com

Lynn A. Toops**
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 22

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593
ltoops@cohenandmalad.com

Marc H. Edelson*
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
medelson@edelson-law.com

*Pro Hac Vice*
** Pro Hac Vice forthcoming*

*Counsel for Plaintiffs and the Proposed
  Classes*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 23

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel J. Strauss, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 15th day of August, 2025.

STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss*
    Samuel J. Strauss
    STRAUSS BORRELLI PLLC
    One Magnificent Mile
    980 N Michigan Avenue, Suite 1610
    Chicago IL 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    sam@straussborrelli.com

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AUTHORIZE CLASS NOTICE,
AND SCHEDULE A FINAL APPROVAL HEARING PURSUANT
TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE - 24