HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: FORTIVE DATA SECURITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Case No.  2:24-CV-01668-RAJ<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

THIS MATTER comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (the "Final Approval Motion," Dkt. # 45), and the Memorandum in support thereof (Dkt. # 46).  Also before the Court is Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards (the "Fees Motion," Dkt. # 43), and the Declaration of Lynn A. Toops in support thereof (Dkt. # 44).  Having reviewed and considered the Settlement Agreement (Dkt. # 39-1), the Final Approval Motion, the Fees Motion, and all supporting papers, and having conducted a Final Approval Hearing on January 9, 2026 (*see* Dkt. # 47), the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in

ORDER – 1

this Final Order and Judgment.

**IT IS ORDERED** that:

1.    The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

2.    The Court, for the purposes of this Final Order and Judgment, adopts the defined terms as forth in the Settlement Agreement for any term not otherwise defined herein.

3.    On August 21, 2025, the Court entered an order, which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a Settlement Class in this matter for settlement purposes only, including defining the Settlement Class, appointed Plaintiffs as the Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing.

4.    In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23 and for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All individuals whose personal information may have been compromised as a result of the Data Incident, as identified on the Class List.

ORDER – 2

5.    The Settlement Class specifically excludes: the Judge assigned to evaluate the fairness of this Agreement, and any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

6.    The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23 of the Federal Rules of Civil Procedure, grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23, and that the Notice Program afforded appropriate due process, with a reach rate over 93%.

7.    The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby finally approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

8.    Notice of the Final Approval Hearing and Plaintiffs' Fees Motion have been provided to Class Members as directed by this Court's Orders, and a declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

ORDER – 3

9. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in compliance with the requirements of Rule 23. The Court finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

10. The Court readopts and incorporates by reference its preliminary conclusions as to the satisfaction of Rule 23 as set forth in the Preliminary Approval Order. The Court notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class in the Settlement Agreement.

11. As of the final date of the Opt-Out Deadline, November 21, 2025, five (5) Class Members have submitted timely and valid requests for exclusion from the Settlement Class, attached to the Declaration of Kroll Settlement Administration and incorporated herein. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

ORDER – 4

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, Settlement Class Counsel, Defendants' Counsel, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein. Pursuant to the Settlement Agreement, the Class Representatives and the Class Members and everyone else encompassed by the term "Releasing Parties" are deemed to have completely and unconditionally released, forever discharged, and acquitted the Releasees from all Released Claims, including unknown claims, as set forth and defined in the Settlement Agreement. The Class Representatives and the Class Members are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. The full terms of the Releases described herein are set forth fully in the Settlement Agreement, and the Releases are hereby approved in full and incorporated by reference.

14. Released Claims shall not include the right of any Class Member or the Releasees to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons identified in the Declaration—who have timely and validly requested exclusion from the Settlement Class.

15. Upon the Effective Date, the Class Representatives and each Class Member who did not timely and validly exclude himself or herself from the Settlement, shall be

ORDER – 5

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Releasees. Further, upon the Effective Date, and to the fullest extent permitted by law, the Class Representatives and each Class Member who has not timely and validly excluded himself or herself from the Settlement, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

16. The Court affirms its appointment of Plaintiffs as Class Representative. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

17. Pursuant to the Settlement Agreement, the Court approves a $3,500 Service Award to each of the Class Representatives. Payment shall be made to the Class Representatives in accordance with the terms of the Settlement Agreement.

18. The Court affirms its appointment of Lynn A. Toops of CohenMalad, LLP; J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC; Samuel J. Strauss of Strauss Borrelli PLLC; and Marc H. Edelson of Edelson Lechtzin LLP, as Class Counsel.

19. The Court, after review of the Plaintiff's Fees Motion, finds that Settlement Class Counsel's request for fees of one-third of the value of settlement, or $1,000,000.00 and litigation-related expenses of $25,425.07 is reasonable. The Court hereby grants

ORDER – 6

Settlement Class Counsel's request for attorneys' fees and costs in the total amount of $1,000,000.00 and litigation-related expenses of $25,425.07. Payment shall be made pursuant to the terms of the Settlement Agreement.

20.    Class Counsel's award for $1,000,000—or 1/3 of the non-reversionary common fund—is fair, reasonable, and appropriate in light of: (a) the time and labor required, the novelty and complexity of data breach litigation, and the skill necessary to prosecute this action (b) Counsel's experience and reputation in complex class litigation; (c) the contingent nature of Class Counsel's representation and the risk of nonpayment; and (d) the significant benefit conferred upon the Settlement Class. *See, e.g.*, *In re Anthem Inc. Data Breach Litig.*, 327 F.R.D. 299, 315 (N.D. Cal. 2018) (noting that "many of the legal issues presented in [] data-breach case[s] are novel."); *Smith v. Specialty Networks LLC*, No. 1:24-cv-286, 2025 WL 1944022, at *4 (E. D. Tenn. July 15, 2025) ([C]ontinued litigation would be expensive and delay potential recovery further. This is especially true because data breach cases are very complex . . . ."); *In re Netgain Tech., LLC*, No. 21-cv-1210, 2025 WL 3063288 (D. Minn. Nov. 3, 2025) (citing *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *6 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries always unpredictable.").

21.    This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against

ORDER – 7

Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants' or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendants, Settlement Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or be deemed admissible as an admission by Defendants that Plaintiffs' claims or any claims that were or could have been asserted in the Litigation are suitable for class treatment or any other litigation purpose. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Class Member or any other person subject to the provisions of this Final Order and Judgment.

ORDER – 8

22.     If the Effective Date does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid undue prejudice.

23.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24.     In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Litigation and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

ORDER – 9

25.   **Final Judgment and Dismissal.**   Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this Litigation is hereby dismissed **with prejudice** on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement. This is the FINAL JUDGMENT of the Court in this Action.

Dated this 22nd day of January, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 10